[No. B230514. Second Dist., Div. Five. July 29, 2011.]

PAUL CHRISTIAN BLUMBERG, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND OFFICER
BRAD FOSS, Real Parties in Interest.

**COUNSEL**

Janice Y. Fukai, Alternate Public Defender, Felicia Kahn Grant and Steve O.J. Kwon, Deputy Alternate Public Defenders, for Petitioner.

No appearance for Respondent.

Nelson and Fulton, Henry Patrick Nelson and Elise H. Hur for Real Parties in Interest.

**OPINION**

**KUMAR, J.\*—**

## I.  INTRODUCTION

The issue presented in this case is as follows: If a defendant obtains a new trial by way of appellate or habeas corpus relief, does the trial court have discretion to order discovery of peace officer records, pursuant to Evidence Code section 1043 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], related to events that occurred after the date of the original conviction?[1] We conclude the law does not categorically preclude such discovery. Rather, the trial court is vested with discretion to order disclosure of records related to events that occurred during this period of time.

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further statutory references are to the Evidence Code.

Because the trial court mistakenly believed it had no discretion to order said discovery, the writ is granted and the matter is remanded for the trial court to (a) exercise its discretion to include or exclude the period of time that postdates the original conviction, and (b) conduct any in camera review of police records as it deems necessary.

## II. DISCUSSION

The parties do not dispute the procedural background. In 1998, petitioner was convicted of several felony offenses. In 2010, after exhausting state court remedies, a federal district court granted petitioner habeas corpus relief and his case was returned to the superior court for a new trial.

Petitioner subsequently appeared in superior court and, in anticipation of a second trial, filed a motion pursuant to section 1043, for the discovery of police personnel records from the date of the arrest to the date the motion was heard. The court granted the motion in part—it ruled records regarding dishonesty, false reporting, and fabrication were discoverable but limited the timeframe of the complaints to be between the date of the arrest and five years prior to that date. The trial court limited the timeframe because "[section 1045, subdivision (b)(1)] limits the disclosure to five years before the incident." As additional support for its ruling, the trial court relied on *People v. Breaux* (1991) 1 Cal.4th 281, 310–312 [3 Cal.Rptr.2d 81, 821 P.2d 585]. The trial court was mistaken.

■ "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant." (*People v. Gaines* (2009) 46 Cal.4th 172, 179 [92 Cal.Rptr.3d 627, 205 P.3d 1074], citing § 1043, subd. (b).) " '[T]he good cause requirement embodies a "relatively low threshold" for discovery' [citation], under which a defendant need demonstrate only 'a logical link between the defense proposed and the pending charge' and describe with some specificity 'how the discovery being sought would support such a defense or how it would impeach the officer's version of events' [citation]." (46 Cal.4th at p. 182.)

Once good cause is established, the trial court conducts an in camera review to determine which, if any, pieces of information contained in the personnel records of the officer are relevant and, therefore, subject to disclosure to the defense. (§ 1045, subd. (b).) "The trial court may . . . disclose information from the confidential records that 'is relevant to the subject matter involved in the pending litigation' (. . . § 1045, subd. (a)), provided that the information does not concern peace officer conduct occurring more than five years earlier [(§ 1045, subd. (b)(1))], the conclusions of

an officer investigating a citizen complaint about a peace officer [(§ 1045, subd. (b)(2))], or facts that are so remote as to make disclosure of little or no practical benefit [(§ 1045, subd. (b)(3))] [citation]." (*People v. Gaines, supra,* 46 Cal.4th at p. 182.)

██ Thus, the only time-based rule of exclusion provided by the Legislature is that the court may not order disclosure of information in complaints made more than five years prior to the event that is the subject of the criminal litigation. (§ 1045, subd. (b)(1).) However, this limitation does not apply to complaints that postdate the arrest at issue. (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 399 [123 Cal.Rptr.2d 99] ["[D]isclosure [(of citizen complaints filed after the arrest at issue)] depends upon the potential relevance of the information without statutory limitation as to time."]; see also *People v. Memro* (1985) 38 Cal.3d 658, 687 [214 Cal.Rptr. 832, 700 P.2d 446], overruled on another ground in *People v. Gaines, supra,* 46 Cal.4th at p. 181, fn. 2.)

The California Supreme Court has established one other time limitation. In *People v. Breaux, supra,* 1 Cal.4th at pages 310–311, the prosecution sought to use a defendant's prior battery conviction in the penalty phase of a capital trial. The defendant filed a motion for discovery of peace officer personnel records corresponding to the prior crime. (*Ibid.*) He sought records from five years prior to the date of the incident underlying the prior conviction up to the date of the murder at issue in his capital trial. (*Ibid.*) The Supreme Court held Breaux was entitled to "no more" than records from five years prior to the battery up to the date of conviction of the battery. (*Id.,* at p. 312.) "The statutory provisions provide no authority for use, in criminal trials, of evidence of character based on specific instances of conduct that occurred *after* the prosecution of the defendant for the crime at issue." (*Ibid.,* original italics.)

██ Because petitioner received habeas corpus relief, his initial conviction was nullified and he has been returned to the position of pending trial. Thus, the postconviction exclusion provided by *Breaux* is not applicable. In addition, the legislative scheme governing discovery of peace officer personnel records does not specifically exclude events that occurred during the period of time necessary to obtain a new trial vis-à-vis appellate or habeas corpus relief. Accordingly, the trial court had discretion to order discovery of complaints that occurred after the date of the initial, subsequently invalidated, conviction.

## III.  DISPOSITION

The petition for writ of mandate is granted. The trial court is ordered to exercise its discretion to determine whether petitioner has established good cause to include a review of peace officer complaints that postdate the original conviction and conduct any in camera review of personnel records as it deems necessary.

Mosk, Acting P. J., and Kriegler, J., concurred.